### Elisha W. Cook v. Harrison W. Bassett.

*Statute construed: Animals running at large.* Act No. 185 of the session laws of 1867 makes it unlawful for cattle, horses, sheep or swine to run at large upon the highways, but is made operative only in such counties, or parts of counties, as may be "determined by resolution passed by the board of supervisors of said county."—*Sec. 1.*

A resolution that the act "be made operative in the county, excepting the township of Augusta," was sufficient to make it unlawful for any of the animals referred to in the act to run at large in the other towns of Washtenaw county, and needed no further prohibitory action by the board of supervisors to put the whole act in force.

Where the prohibition is not intended to reach all classes of animals, the rule is different, and a special resolution is necessary (under section 2 of the act), designating particularly and prohibiting the particular class or classes designed to be restrained; but this special resolution is not necessary where all classes alike are to be restrained from running at large.

*Heard May 9. Decided May 10.*

Case made after judgment from Washtenaw Circuit.

This was an action of replevin, commenced in a justice's court by Cook against Bassett, to recover possession of a cow. Bassett interposed a plea in abatement, the substance of which is given in the opinion. This plea was demurred to and the demurrer sustained.

The defendant thereupon pleaded the general issue, with notice, and the cause proceeded to trial, which resulted in a judgment in favor of the plaintiff. The defendant took a special appeal to the circuit court, setting forth special grounds of error, to which the justice made a special return. On trial in the circuit court the facts were stipulated by the parties and found by the court as follows, viz:

"The cow in question was, on the 2d day of June, 1869 (the day said suit was commenced), the property of the plaintiff above named; on that day she was running at large, without any one attending or driving her, in the public highway, in front of the defendant's dwelling-house, which was then occupied by him; the defendant owned

and occupied the land on both sides of said highway, at that point; the defendant, on the 2d day of June, aforesaid, at about half-past two o'clock, P. M., took said cow, in the writ and declaration in this cause described, and shut her up in his barn in the township of Lodi, Washtenaw county, Michigan; defendant left said cow in care of his hired man, Robert Beatty, with instructions that if any one came for said cow, to let them have her if they paid fifty cents; defendant then went immediately to one Newton Sheldon, who was then a justice of the peace, and residing in the township of Lodi, aforesaid, to notify him that he had taken said cow, and to inquire what course to pursue; and while the defendant was so absent to notify said justice of the peace, as aforesaid, the plaintiff came and demanded his cow (the one in question), of said Beatty, the hired man above mentioned. Beatty said to said plaintiff, 'You can have the cow on payment of fifty cents forfeiture,' to which the plaintiff replied, 'I guess not; I will get her without,' and turned and went away.

"Soon after this, and in the evening of the same day, this cow was taken from the possession of the defendant in this cause by an officer, by virtue of the writ of replevin in this case. On the 2d day of June, aforesaid, there was no public pound in the town of Lodi, aforesaid.

"On the 21st day of October; 1868, the board of supervisors for the county of Washtenaw, at a session duly held by them, adopted the following resolution, to wit:

"'Resolved, That act No. 185 of the laws of Michigan for 1867 be made operative in the county, excepting the township of Augusta.'

"No other or different resolution than the one above recited then existed to put said act No. 185 in legal operation in said county of Washtenaw. The plaintiff in this cause, at the time of the bringing of this suit, was a house-

holder, and had a family consisting of a wife and four children. After the passage of the resolution above recited, the board of supervisors for Washtenaw county duly assembled on the 26th day of October, 1869, and passed the following resolution, to wit:

" ' *Whereas,* The opinion is prevalent that the resolution of the board of supervisors, adopted at their annual meeting in 1868, relative to an act to prevent animals running at large in the public highways in this county, is defective, and in order to give effect to the law, therefore, be it *Resolved,* By the board of supervisors of the county of Washtenaw, that hereafter it shall not be lawful for any cattle, horses, sheep or swine to run at large in any public highway in said county of Washtenaw, except in the township of Augusta;

" ' *And be it further resolved,* That an act entitled an act to prevent animals from running at large in the public highways, approved March 27, 1867, be and the same is hereby adopted by this board, and declared operative in said county of Washtenaw, except in said township of Augusta.'

" On the 4th of June, 1869, after the suit was commenced, the defendant caused six notices of the seizure and intended sale of the cow to be posted in said township. At the time said cow was seized, as aforesaid, the defendant claimed she was at large, contrary to law, as the reason for the seizure."

The circuit court rendered judgment for the plaintiff, and the cause is brought into this court by case made.

The questions raised appear in the opinion.

*Norris & Uhl,* for plaintiff.

*S. E. Engle,* for defendant.

CAMPBELL, CH. J.

This is a case made after judgment. Cook replevied in a justice's court a cow which Bassett had taken up as running at large on the highway. Bassett pleaded in abatement that the cow was held by distraint for going at large contrary to law, and that the writ of replevin, which was the ordinary writ, was not applicable to the case, as no special affidavit had been made under *chapter 153 of the Compiled Laws.* This was demurred to, and, judgment having gone against the defendant, before the justice, he took a special appeal to the circuit court for Washtenaw county, where the same ruling was had on the plea, and where the court held further that there was no law rendering it illegal to allow cattle to run at large on the highway. This turns upon the meaning of act No. 185 of the statute of 1867 (*L. 1867, p. 251*), and upon the action had under it.

That statute makes it unlawful for cattle, horses, sheep or swine to run at large upon the highways, and authorizes any person to take up such animals in the road opposite the land owned or occupied by him. Certain proceedings are thereupon to be had, and certain sums of money, besides the cost of care and keeping, are to be paid to the person making seizure, and to the officer empowered to act. But the statute does not go into effect of its own force.

Section one contains the *proviso,* "That this act shall be operative only in those counties or parts of counties in which it shall be so determined by resolution passed by the board of supervisors of such county."

Section two is in these words: "In case the board of supervisors in any county shall pass a resolution prohibiting any of the classes of animals named in section one of this bill to run at large in the public highway, then, in such

county, after the year one thousand eight hundred and sixty seven, the following sections of this act shall be in full force; but otherwise they shall be null and void."

The supervisors of Washtenaw, in October, 1868, passed the following resolution: "*Resolved,* That act No. 135 of the laws of Michigan for 1867 be made operative in the county, excepting the township of Augusta." The cause of action here arose in the town of Lodi.

The court below held that this resolution was not sufficient to put the act in operation, but that a further distinct resolution was needed, prohibiting in express terms the running at large of cattle.

We think this was erroneous. The title of the act shows its manifest purpose, which is "To prevent animals from running at large in the public highways." Section one, without the proviso, contains a full and absolute prohibition extending to all the animals named, and can only be restricted by the *proviso,* which makes it only operative so far as adopted, but which necessarily makes the adoption sufficient to make it operative, unless limited by section two· That section was not necessary at all to put it in effect.

There is no very sound reason why section two was inserted at all, if its purpose is to be co-extensive with the proviso. It is not unlikely that the act was carelessly put together, and made to repeat the same idea more than once. There is one narrower purpose which it may subserve, which the first section alone would not accomplish, and we think it requires that construction to make it sensible. It contemplates that the supervisors may see fit to allow a greater range to some of the animals named than to others. If that should be desired, an acceptance under section one would be too broad, and a limited resolution under section two would be necessary. But we think a general acceptance under the *proviso* in *section one* is sufficient to put the

entire act in force as to all the animals named in the act. The resolution of the supervisors was effectual, therefore, and the seizure of the cow was lawful.

As issue is found on the merits, and the facts are stipulated and found by the court below, we shall not decide upon the validity of the plea in abatement as matter of law, but reverse the judgment, with costs of all the courts, and enter judgment on the finding for defendant for fifty cents damages, and for the costs of this court and of the circuit and justice's courts; for all of which execution will issue from this court.

GRAVES and COOLEY, JJ., concurred.

CHRISTIANCY, J., did not sit in this case.